Good morning, Justices. My name is Neal Tardif, and I represent the appellant, Carol King, in this matter. And may I reserve a few minutes for rebuttal? Yes. Okay, thank you. May it please the Court, this case obviously is about the holding in the Higgins case and whether Section 303, Subsection 1 of the Bankruptcy Code allows for the recovery of appellate fees incurred in successfully defending the creditor's appeal of the bankruptcy court's dismissal. I guess the first question would be whether or not you have any grounds for distinguishing Higgins and saying it doesn't control this case, and if not, whether you can point to any intervening authority from the Ombud Court or from the Supreme Court of the United States that would allow us to revisit its holding. That was the end of my argument. I think we need to start with that. That seems to be the key issue in this case. I mean, Higgins is a difficult case to distinguish, but I think it is distinguishable. It's factually and procedurally different than this case because in Higgins, the motion for attorney's fees was brought in the bankruptcy court. And at that time, they were looking mostly at sanctions, so they looked at the Del Mission case and the Vitelli case. And at that time, Rule 38 was, in fact, the only available motion to appellate lawyers for receiving appellate fees. Higgins has a part where they talk about what the standards should be for exercising the discretion under this bankruptcy-specific provision. But then it also has a holding at the end about appellate fees and says that based on a prior decision, there is no authority. The mere grant of discretion to the trial court to award fees is not a grant of discretion to an appellate court. And Rule 38 is the only available means. And that broad holding seems to sweep without regard to the kind of factual distinctions you're suggesting. But the court didn't need to go that broad. I mean, if the case. The question is, it did. The rule it adopted seems to be rather bright line. And we don't get to revisit that unless we've got other authority. Well, procedurally, you have to bring to receive an attorney fee award in a fee shifting case. And then in this Ninth Circuit procedurally, you have to bring a motion in the Ninth Circuit under either thirty nine dash one point six or under Rule 38. And the two cases that Higgins relied upon at the time, because they were really looking at a sanction, the Dalmatian case and the Sally case, I think is the name. Thirty nine dash one point six didn't even exist in this court's ruling in Cummings versus Connell at four or two Fed third nine thirty six. This court stated that thirty nine for fee shift to get an award of fee shifting, an award of attorneys fees under fee shifting for appellate fees. You must bring a motion under thirty nine dash one point six or there's one point eight. You can ask the court to bring it down back to the bankruptcy court to look at. But we didn't do that in this case. In this case, the motion was under thirty nine dash one point six. And I think that's a distinction. I think Higgins is strictly a proper venue as to where to bring the motion. The Higgins case did not have to go so broad and say three or three. One is silent on appellate fees and therefore we're not going to go that far. I mean, when you're looking at the fee shifting cases, particularly in this ninth circuit, for virtually every fee shifting statute is silent as to whether appellate fees are allowed. And, for example, you know, in Ray, Wind and Wave, Hiken versus Department of Defense, legal voice versus Storm and Zink, Planned Parenthood versus state of Arizona. All those cases allowed appellate fees, even though the statute was silent. But again, in Higgins, they didn't need to go that far. All they needed to say, just like this court said in Cummings, they said, you don't get appellate fees unless you file a motion in the Ninth Circuit. And in Higgins, they didn't do that. And that's why they didn't get the appellate fees. But, you know, 303.1, the purpose of that is to avoid the filings of abusive involuntary petitions, number one, and to make the debtor whole in the event there is a dismissal. If appellate fees aren't allowed, obviously they're not going to be made whole. It's also very well established that 303.1 is, in fact, a fee-shifting statute and that attorney's fees are presumed and bad faith doesn't need to be shown. Mr. Tardiff, where, I guess, where in the text of 303, Roman and I, would we kind of locate the appellate fee shifting in a way that would allow us to get around Higgins? It's silent, Justice. And just like I said, virtually all fee-shifting statutes are silent. Well, I guess my understanding of the logic of Higgins following Dalmation is that it refers to the court, and the court in there is the court that can dismiss a petition. In an appellate court, that's usually the bankruptcy court that dismisses the petition.  So I guess in terms of the logic of Higgins, I'm trying to, again, where we locate a shifting of appellate fees in here in a way that would allow you to get around Higgins. Well, I think you can look at the U.S. Supreme Court case, and I think it's Commissioner v. Gene, which is cited in the other circuit court cases where they do allow appellate fees. And I cited that in my brief where the U.S. Supreme Court says, when you're looking at the proceeding, even though the proceeding's down, let's say, on the bankruptcy court level, you've got to look at the whole picture, and it includes all of that. And I think Commissioner v. Gene is the U.S. Supreme Court case that helps you on that. Was Gene decided before or after Higgins? I'm not sure, Your Honor. I think it was before. Okay. I mean, because if you had authority from the U.S. Supreme Court that came after Higgins and that said something that seemed to contradict the premises of Higgins, that would be something a three-judge panel could work with. Right. But if it's prior to Higgins, that isn't available to us. I don't recall, Your Honor. I'm almost sure that it was before because it's cited in the Rosenberg case. Do you have any Supreme Court case since Higgins that you think says something, any proposition of law that you think is inconsistent with Higgins and would give a lever for reconsidering it? I researched that just as late as last night, Your Honor, to see if I could find anything other than the Commissioner v. Gene case, which has been cited in the 3031 cases and other circuits. But I haven't been able to find anything since Higgins. Okay. And this circuit split has existed for at least 10 years. And has no one ever brought this to the Supreme Court? Yes. Rosenberg brought it to the Supreme Court. And Richards Home Building brought it to the Supreme Court. But there they received appellate fees. It was the creditor that brought it to the Supreme Court. And they both denied writ on that, which gives me indication that the Supreme Court feels that Rosenberg and Richard Home Builders is correct. Okay. All right. Can I reserve the rest of my time? Yes, you may. Thank you. All right. We will hear now from Mr. Moskovitz. Thank you, Your Honor. As you know, this panel is bound by Higgins, and Higgins is clearly in point. If there were no Higgins, I think the answer would be just as simple. The statute refers to the court several times. That couldn't award attorney's fees. It's clear it's talking about the trial court, not the BAP, not this court, because only, as you mentioned, only the trial court can dismiss the case. We can enter an order either affirming a judgment of dismissal or ordering a judgment of dismissal. And so, you know, that would seem to then suggest maybe we could be the court. I'm not so sure. Your textual argument is strong. I mean, the words of Higgins are what they are, and they're quite broad. Well, I'm not sure I agree with it. The statute says what it says. There are other statutes that allow discretionary attorney's fees where it's been read to extend to appellate attorney's fees. Is that correct? Yes. And is the wording of those materially different in a way that it very clearly addresses an appellate court? It's very different for this reason. We have another rule, Rule 38, which is now in Bankruptcy Rule 8020, that says the court can award attorney's fees when the appeal was frivolous. Now, under counsel's interpretation of Higgins and the statute, that becomes meaningless. They don't have to show it's frivolous. So why would Congress – It's not frivolous if we view Rule 38 is to allow more than just fee shifting. Rule 38 goes to damages, and it can go up to double costs. So it's not impossible to read them theoretically working hand in hand. It's a struggle. It's a struggle. Anyway, as I said, I think the arguments on the merits of this are interesting. I think they favor what Higgins did, but I think it's a moot question because of Higgins. Only an en banc court can overrule Higgins, and Higgins, as you pointed out, the language of the case is crystal clear that you can't get appellate attorney's fees from – even from the trial court. So if you can't get it from the trial court, how do you get it from the BAP? Their motion was to the BAP, not to the trial court. Let me ask you this question. Suppose the bankruptcy court enters its order, and then it goes to the district court rather than to the BAP, and the district court reviewing the bankruptcy court reverses and enters a judgment dismissing the petition. Does the district court then have authority to award fees for the proceedings before the district court? I'm not even sure the district court could dismiss on its own other than order the bankruptcy court to dismiss. You may be correct. How it would have to paper that order would be to order the bankruptcy court to enter the judgment dismissing the petition. But if it did that, could it – could fees be awarded for the activity before the district court? You know, this is an interesting discussion, but we're trying to spin wheels and make all this happen. Why? Why? They have a clear remedy for getting attorney's fees on appeal if it's frivolous, which is the normal rule. And why should this be any different? Counsel, I'd like an answer to the question. I'm trying to look at the words of Section 303I, and I'd like to know whether you think if the court dismisses the petition would apply to a district court that directs dismissal of the petition by the bankruptcy court. Would you be able to get the fees in the district court? I think that's a real struggle to make that happen, and I'm wondering what the policy would be behind doing that kind of thing. There's no point to it. Do you know whether there's any case law that has addressed that question, whether if they go through the district court rather than through the bankruptcy appellate panel, you can get fees at the district court level? I'm aware of no case which has allowed that. Well, I guess it seems to me in reading Higgins, and we probably ought not read our opinions like statutes, but it seems like when we held that it should not be construed to grant similar authority to award fees at the appellate level, whether the appellate level modifies award or modifies fees. If the concern is award fees, to pick up on Judge Collins' line of questioning, if the award of fees at the appellate level that's worried about whether the appellate level is making the award, if it's read that way, that could go one way. But if it's simply just talking about whether the court in 303i can award the fees, that might be something different. I mean, why should we read Higgins to rule out a theory along the lines of a district court's or the bankruptcy court's ability to award the fees, even if they include appellate fees? I mean, the reasoning you're using is it's very clever. As a practical matter, the first thing that occurred to me when I read the statute was at the time of the dismissal, there's been no appellate fees. There's been no appeal. So it seems another level of awkwardness to say, well, after the appeal, they can come back to the bankruptcy court and ask for appellate fees then, when the statute seems to contemplate, you do the whole thing at one time and get rid of the case. So I guess there's a way around that, too, even though the statute doesn't say so. I just think of all cases to deal with this complicated problem, factually, it's the worst one you could think of, because they didn't prove the amount of fees they incurred for Carole King. If you look at their timesheets, they represented both the husband, John King, and Carole King. And there's a whole list of charges and a very small handful of them, no more than half a dozen, even mention Carole's name. John King was the big case here. It resulted in a longer opinion. We got a reversal. And our brief in the John King case was twice as long as Carole King's case. And what do they want? Well, we didn't indicate clearly who the work was for. Let's just do it 50-50. That's what they asked about, 50-50. Most of the work was done for John King. By the way, I wasn't sure you wanted me to – But, counsel, doesn't that go – sorry. Doesn't that come out of reasonableness of the amount of fees? I mean, whether or not they get them is a separate question. Yeah, the issues in the case were very different. I could go into that, but I really only – they're totally different. And there was no overlap between the issues at all. So you can look at the two opinions and see that. So 50-50, obviously they're not entitled to 50% of their fees based on work on Carole. They didn't do it. And anyway, the rule is you've got to keep your timesheets clear as to who you're working for. I think Judge Dale's question is that the only issue we have before us is whether the fees could be granted. If we're able to reach that conclusion, notwithstanding Higgins, we'd have to remand it for the lower courts to assert – figure out in the first instance the kind of fact-intensive questions you're raising here. That isn't before us in any event. This brings us back to a more fundamental question. Why are they taking your time and our time and our expenses to deal with this whole Higgins matter? They don't have the timesheets that entitle them attorneys' fees in any event. Right, but the FAP didn't reach that we're reviewing. No, but why would you want to? Why would you want to send this to an en banc hearing on whether Higgins is invalid when you just look at the timesheets and say it's a moot question? They're never going to get attorneys' fees anyway. Why deal with this? And there's another reason why it's moot. This appeal never should have been bought because they don't have authority to represent Carole King. We asked them for a retainer agreement. Carole King is incapacitated. She couldn't be deposed. They admitted that. She was incapacitated. So we file a motion to dismiss because at the time they filed the notice of appeal, they didn't have authority to represent her because she couldn't write a contract or sign a contract that did that. Let's see the retainer agreement. No, we won't give it to you. It's confidential. Well, it's not confidential. This court so held in the Michelson case. They wouldn't show it to us. But there is no retainer agreement. That's why they wouldn't show it to us. What happened, we're sure, is the husband, John, told them, represent Carole. Now, John did have a power of attorney for Carole's affairs. But it didn't kick in until he either went to court and got approval or had two physicians authorize it. And none of those things happened. All right. So we shouldn't be here. Thank you, Counselor. You shouldn't be here. You've exhausted your time. Okay. Thank you. All right. We'll hear rebuttal. Thank you, Justice. Just a couple quick ones. To answer your question about the district court, whether they would have the right, if you look to the definition of the court and the bankruptcy court, I think it's under Rule 9001. It basically says the definition of court is the court that's in the proceeding at the time, whenever the ruling is. And so if the proceeding at the time is the district court, then that's the court. And in my opinion, if the proceeding is in the Ninth Circuit Court of Appeal or the BAP, that's the court of the proceeding at the time. Is there any authority that addresses whether or not a district court that hears an appeal from a bankruptcy court could award attorney's fees? Generally. One way or the other. Is there any authority that addresses that question? I think the Sunbelt case does. Because in that case, they were talking about just regular fees, not appellate fees. And I think it was at the district court. But I think the Sunbelt case is indicative, answers your question as to that. And as to the motion to dismiss, I submitted opposition to that. And I would submit it on my papers on that. As to the question of why are we doing this, the purpose of 303-I is to make the debtor whole. And if you can't get your attorney's fees, it's just, everything's diluted from that. And all the cases say that. That's why we're doing this. Because we think under 303-I and all the other district court cases and all the other fee-shifting cases, attorney's appellate fees should be allowed silent or not. Because, again, virtually every fee-shifting statute is silent as to appellate fees. All right. Thank you, counsel. The case just argued will be submitted. Thank you so much, Justice.
judges: COLLINS, JOHNSTONE, ALBA